MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Chapman Mach,<br><br>                   Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>                   Defendants. | No.  CV 13-1356-PHX-DGC (SPL)<br><br>**ORDER** |

On July 8, 2013, Defendants State of Arizona, Arizona Department of Corrections, and Charles L. Ryan ("the Removing Defendants") removed this case from the Superior Court of Maricopa County, Arizona.  On July 15 and 16, 2013, respectively, Defendants Corizon, Inc. (Corizon) and Wexford Health Sources, Inc. (Wexford) consented to and joined the removal.

In a July 17, 2013 order, the Court noted that removal was appropriate because the Amended Complaint alleged, among other things, a civil rights violation under 42 U.S.C. § 1983.  The Court dismissed the Amended Complaint because Plaintiff had failed to file on the court-approved form.  *See* LRCiv 3.4.  The Court gave Plaintiff 30 days to file a second amended complaint on a court-approved form.

On August 15, 2013, Plaintiff filed a Second Amended Complaint (Doc. 8) and an Application to Proceed *In Forma Pauperis* (Doc. 9).  His two-count Second Amended Complaint names Defendants State of Arizona, the Arizona Department of Corrections,

1  Wexford, and Corizon. Plaintiff alleges a state-law negligence claim (Count One) and a
2  state-law breach of contract claim (Count Two). He asserts that the Court lacks
3  jurisdiction over the case because he is only alleging state law claims.

4  Although "jurisdiction must be analyzed on the basis of the pleadings filed at the
5  time of removal without reference to subsequent amendments," and "a plaintiff may not
6  compel remand by amending a complaint to eliminate the federal question upon which
7  removal was based," *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d
8  1209, 1213 (9th Cir. 1998), "a district court has discretion to remand to state court a
9  removed case involving pendent claims upon a proper determination that retaining
10 jurisdiction over the case would be inappropriate," *Carnegie-Mellon Univ. v. Cohill*, 484
11 U.S. 343, 357 (1988). "[W]hen the federal-law claims have dropped out of the lawsuit in
12 its early stages and only state-law claims remain, the federal court should decline the
13 exercise of jurisdiction by dismissing the case without prejudice." *Id.* at 350 (footnote
14 omitted).

15 Regardless of whether Plaintiff may be attempting to manipulate the forum by
16 deleting his federal-law claim, the Court, in its discretion, concludes that remand of the
17 Second Amended Complaint "best serves the principles of economy, convenience,
18 fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* at 357. Thus,
19 the Court will remand this case to the Maricopa County Superior Court.

20 **IT IS ORDERED:**

21 (1) The Application to Proceed *In Forma Pauperis* (Doc. 9) is **denied as moot**.

22 (2) This matter is **remanded** to Maricopa County Superior Court.

23 (3) The Clerk of Court must mail a **certified copy** of this order to:
24 Michael K. Jeanes
   Clerk of the Superior Court
25 Maricopa County, Arizona Superior Court
   201 West Jefferson
26 Phoenix, Arizona 85003-2205

27
28

1    (4)     The Clerk of Court must **close** this case.

2    Dated this 4th day of December, 2013.

*David G. Campbell*
United States District Judge